IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01958-WYD-MJW

JOEL LEDBETTER, HEATH POWELL
and DISA POWELL, as spouse to Heath Powell

    Plaintiffs,

vs.

WAL-MART STORES, INC., GENERAL ELECTRIC COMPANY, EATON CORPORATION, EATON CORPORATION, d/b/a Cutler-Hammer, EATON CORPORATION, d/b/a Eaton Electrical Services & Systems, EATON CORPORATION, d/b/a Eaton Electrical, Inc., EATON CORPORATION, Inc., ARUP a/k/a ARUP AMERICAS, INC., and JOHN DOES 3-5 and 18-15, whose true names are unknown,

    Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiffs Joel Ledbetter, Heath Powell, and Disa Powell, through their attorneys Burg Simpson Eldredge Hersh & Jardine, PC, and defendants Wal-Mart Stores Inc., General Electric Company, Eaton Electrical and Eaton Corporation, and ARUP, through their respective attorneys of record, hereby stipulate and agree as follows, and the Court, having been fully advised, hereby orders as follows:

    A. All production and disclosure of "Confidential Information" – as defined in paragraph B, below - shall be governed by this Order.

    B. "Confidential Information" as used herein means any information that is designated as sensitive by the disclosing party including, but not limited to, printed documents, computer disks or other electronic media, information contained in

documents or electronic media, information revealed during depositions, and information revealed in interrogatory answers. In general, Confidential Information includes and may be claimed with respect to (a) information concerning present or former employees of Defendants, (b) internal financial or customer information, (c) manufacturing specifications, (d) any other documents relating to the Defendants of a sensitive, private or proprietary nature, (e) information from the personnel files of Plaintiffs; (f) medical records containing private and confidential information regarding the Plaintiffs' health; (g) personal financial records of the Plaintiffs; (h) mental health records of the Plaintiffs; (i) any other documents relating to the Plaintiffs of a sensitive or private nature.

    C. The parties shall endeavor to limit the designation of information as Confidential Information to the information that genuinely warrants the protection provided by the terms of this Order.

    D. Confidential Information shall not be used or disclosed by any party for any purpose whatsoever other than in reporting to essential insurance representatives as needed for claims evaluation, in the preparation for and trial of this matter, and any appeal thereof; provided, however, any party may use its own Confidential Information for any purpose whatsoever.

    E. All Confidential Information shall be marked by placing on the initial page or cover of a multi-page document (including deposition transcripts), one of the following designations, or a designation containing the same information, but in a different format:

    1. "CONFIDENTIAL"; or

    2. "CONFIDENTIAL INFORMATION – THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER."

In lieu of marking the original documents, the party may mark the copies that are produced or exchanged.

F. Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation. If the parties are unable to resolve the objection, the party objecting to the Confidential designation shall file an appropriate motion with the Court requesting resolution of the matter. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Order. The party making the designation in question shall bear the burden of justifying that designation in any dispute before the Court requesting modification or striking of the designation.

G. Confidential Information shall not be disclosed to any person or entity other than:

1. This Court, including court personnel, court reporters and persons operating video recording equipment at depositions in this action;

2. Corporate (in-house) and outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under their supervision;

3. Any witness with prior knowledge of the information and/or prior or current possession of the documents to be disclosed;

4. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") retained or employed by the parties or counsel to assist

in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Protective Order requiring that the documents and information be held in confidence, as represented in Exhibit A;

     5.    the Parties, deponents, witnesses, or potential witnesses; and

     6.    essential insurance representatives needed for claims evaluation.

H. To the extent that any filing with the Court would reveal or tend to reveal any Confidential Information protected by this Order, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with D.C.COLO.LCivR 7.2 and 7.3.

I. This Order shall continue to be binding throughout and after the conclusion of the trial, including any appeal thereof. Upon final termination of this matter, whether by judgment, settlement, or otherwise, all Confidential Information (and any copies thereof) shall be returned, upon request, to the party who produced such material. All briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses Confidential Information may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Order.

J. The terms of this Order may be modified only by written agreement of counsel for the parties or by further order of the Court.

DONE and ORDERED this __29th__ day of __May__, 2007.

BY THE COURT:

_/s/ Michael J. Watanabe_
~~United States District Court Judge~~
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

4

Approved as to form and content:

s/David P. Hersh
David P. Hersh
Burg Simpson Eldredge Hersh & Jardine, PC
40 Inverness Drive East
Englewood, CO 80112
Phone: (303) 792-5595
Fax: (303) 708-0527
dhersh@burgsimpson.com

**Attorneys for Plaintiffs**

s/Brad Ramming
Brad Ramming
Fisher, Sweetbaum, Levin & Sands, P.C.
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202
Phone: (303) 296-3377
Fax: (303) 296-7343
bramming@fslpc.com

**Attorneys for Wal-Mart Stores, Inc.**

s/ Kenneth R. Fish
Kenneth R. Fish
Fish & Coles
3773 Cherry Creek North Drive, Suite 680
Denver, CO 80209
Phone: (303) 321-8705
Fax: (303) 321-1248
krfish@qwest.net

**Attorneys for Eaton Electrical, Inc. and Eaton Corporation**

s/ Kristin R.B. White
Dennis W. Brown
Kristin R.B.White
Holland & Hart LLP
555-17th Street #3200
Denver, CO 80201
(303) 295-8000
kwhite@hollandhart.com
dbrown@hollandhart.com

**Attorneys for General Electric Company**

s/ Michael J. Decker
Michael J. Decker
Montgomery Little Soran & Murray, PC
5445 DTC Parkway, Suite 800
Greenwood Village, CO 80111
Phone: (303) 773-8100
Fax: (303) 220-0412
mdecker@montgomerylittle.com

**Attorney for ARUP**

3713017_1.DOC