IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01958-WYD-MJW

JOEL LEDBETTER, et al.,

Plaintiffs,

v.

WAL-MART STORES, INC., et al.,

Defendants.

---

**ORDER REGARDING
PLAINTIFFS' MOTION TO COMPEL DEFENDANT WAL-MART STORES, INC., TO
PRODUCE CERTAIN DOCUMENTS AND MOTION FOR SANCTIONS
(DOCKET NO. 105)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiffs' Motion to Compel Defendant Wal-Mart Stores, Inc. to Produce Certain Documents and Motion for Sanctions (docket no. 105). The court has reviewed the subject motion (docket no. 105), the Plaintiffs' Supplement to Their Motion to Compel Defendant Wal-Mart Stores, Inc., to Produce Certain Documents and Motion for Sanctions (docket no. 113), Defendant Wal-Mart Stores, Inc.'s Response to Plaintiffs' Motion to Compel Defendant Wal-Mart Stores, Inc. to Produce Certain Documents and Motion for Sanctions (docket no. 114), and the Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Defendant Wal-Mart Stores, Inc. to Produce Certain Documents and Motion for Sanctions (docket no. 126). In

addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

In the subject motion (docket no. 105) and in the supplement (docket no. 113), Plaintiffs seek the following relief against Defendant Wal-Mart Stores, Inc. ("Wal-Mart"):

1.     An Order compelling Wal-Mart Stores, Inc., to produce all investigative files relating to the July 11, 2006, incident in its possession, custody, or control, including, but not limited to, the files of its third party administrator, CMI;

2.     An Order sanctioning Wal-Mart Stores, Inc., for its failure to properly designate Rule 30(b)(6) witnesses as follows:

      a.     Precluding Wal-Mart Stores, Inc., from eliciting any testimony from Wal-Mart Stores Inc., employees or representatives beyond or in connection to the testimony that has already been given in the Rule 30(b)(6) depositions;

      b.     Other sanctions as the court deems necessary and proper;

3.     An Order Compelling Wal-Mart Stores Inc., to properly designate knowledgeable and prepared additional Rule 30(b)(6) witnesses. To the extent Wal-Mart Stores Inc., designates any additional Rule 30(b)(6) witnesses, an Order directing Wal-Mart Stores Inc., to pay Plaintiffs' attorneys fees and costs associated with taking any additional Rule

30(b)(6) depositions;

4. An Order compelling Wal-Mart Stores Inc., to supplement its responses to Interrogatories 2, 3, 4 and 8; and,

5. An Order awarding reasonable attorneys fees and costs to Plaintiffs against Defendant Wal-Mart Stores Inc. for having to bring the subject motion (docket no. 105) and the supplement (docket no.113).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 105) and the supplement (docket no. 113);

4. That all parties to this lawsuit agree that the law is well settled that a corporation has an affirmative duty to make available as many persons as necessary to give complete, knowledgeable, and binding answers on the corporation's behalf as required by Fed. R. Civ. P. 30(b)(6). See Ecclesiastes 9:10-11-12, Inc., v. LMC Holding Co., 497 F.3d 1135, 1146 (10th Cir. 2007). "As with interrogatories, depositions should be answered directly and

without evasion, in accordance with the information the deposed party possesses, after due inquiry." Mitsui & Co. v. Puerto Rico Water Resources Authority, 93 F.R.D. 62, 66 (D.C. Puerto Rico 1981). The corporation being deposed has a duty to make a conscientious good-faith effort to designate persons having knowledge of the matters sought and to prepare them so that they can answer fully, completely, and unevasively, the questions posed by the interrogator. Id. at 67.

5. That as to the Amended Notice of Videotaped Deposition of Wal-Mart pursuant to Fed. R. Civ. P. 30(b)(6), Wal-Mart designated two witnesses, namely, Ralph Williams and Adrian Wilson. Mr. Williams was designated by Wal-Mart to testify on its behalf regarding the September 20, 2005, incident, and Mr. Wilson was designated by Wal-Mart to testify on its behalf regarding the July 11, 2006, incident. See exhibits 2, 4 and 5 attached to the subject motion (docket no. 105);

6 That Mr. Williams did not provide any information regarding the investigation into the September 20, 2005, incident;

7. That Wal-Mart argues that Plaintiffs were aware that no such investigation took place by Wal-Mart concerning the September 20, 2005, incident. See exhibit K lines 10-12, inclusive, attached to Wal-Mart's response (docket no. 114);

8.     That it is unclear why Wal-Mart designated Mr. Williams as its Rule

       30(b)(6) witness since Wal-Mart is now taking the position that no

       investigation took place by Wal-Mart concerning the September

       20, 2005, incident.  This court finds such position by Wal-Mart to

       be suspect;

9.     That Mr. Wilson was the electrical services manager for Wal-Mart

       at the time of the subject incident on July 11, 2006.  Mr. Wilson

       was directly responsible for commissioning the work that Plaintiffs

       were involved in when they were injured.  Mr. Wilson is a citizen of

       Great Britain and does not hold a professional engineer's license

       in the United States but holds a similar license in Great Britain;

10.    That Mr. Wilson testified in his deposition that he did not conduct

       an investigation concerning the subject incident on July 11, 2006.

       His testimony is in contradiction to Alberta Fears, who is the co-

       manager of the Wal-Mart Stores.  Ms. Fears testified in her

       deposition that six (6) separate files were opened following the

       subject incident on July 11, 2006.  See exhibit 7 attached to the

       subject motion (docket no. 105);

11.    That Mr. Wilson, as Wal-Mart's designated Rule 30(b)(6) witness,

       was not a competent and knowledgeable witness to answer

       questions concerning the topics that were designated by Plaintiffs

       in their Rule 30(b)(6) Amended Notice of Videotaped Deposition of

Wal-Mart concerning the subject incident on July 11, 2006;

12.    That during the deposition of Mr. Williams, counsel for Wal-Mart stated that Gordon Wright would also be a Rule 30(b)(6) witness for Wal-Mart "at the local level" to testify concerning the September 20, 2005, incident as well as the subject incident on July 11, 2006. See exhibit 1 attached to the subject motion (docket no. 105);

13.    That Mr. Wright testified in his deposition that he reviewed only documents related to risk management; he did not review any other documents or do anything else to prepare for his deposition. Moreover, he testified that he did not undertake any additional investigation to prepare to testify specifically on the subject topics. See exhibit 1 and 8 attached to the subject motion (docket no. 105);

14.    That as to the disputed documents concerning the investigation of this July 11, 2006 incident, Wal-Mart takes the position that Plaintiff should subpoena such documents from the third party administrator or take the deposition of the third party administrator;

15.    That documents are deemed to be within the possession, custody, or control of a party for purposes of Fed. R. Civ. P. 34 if the party has actual possession, custody, or control of the materials or has the legal right to obtain the documents on demand. Resolution Trust Corp. v. Deloitte & Touche, 145 F.R.D. 110 (D. Colo. 1992).

That in this case, Wal-Mart has the right to those documents held by its third party administrator, CMI, and therefore should be required to disclose the same to Plaintiffs; and,

16.     That Wal-Mart's objections as outlined in their responses to Plaintiffs' interrogatories 2, 3, 4, and 8 are without merit, and therefore Wal-Mart should be required to answer more fully such interrogatories.

## ORDER

**WHEREFORE,** based upon these findings of fact and conclusions of law the court **ORDERS:**

1.     That Plaintiffs' Motion to Compel Defendant Wal-Mart Stores, Inc. to Produce Certain Documents and Motion for Sanctions (docket no. 105) is **GRANTED IN PART AND DENIED IN PART;**

2.     That the Motion (docket no. 105) is **GRANTED** as follows:

a.     That Wal-Mart shall produce on or before March 28, 2008, all investigative files relating to the July 11, 2006, incident in its possession, custody, or control, including, but not limited to, the files of its third party administrator, CMI;

b.     That Wal-Mart shall provide supplemental responses to Plaintiffs' interrogatories 2, 3, 4, and 8 on or before March 28, 2008;

c.     That Wal-Mart shall designate within ten (10) days from the

date of this Order competent and more knowledgeable Rule 30(b)(6) witnesses to answer questions concerning those topics that are listed in the Amended Notice of Videotaped Deposition of Wal-Mart concerning the September 20, 2005, and the July 11, 2006, incidents;

d. That Plaintiffs may depose the additional Rule 30(b)(6) witnesses that Wal-Mart will designate. For each new Rule 30(b)(6) witness, Plaintiffs will be permitted seven (7) hours to depose such witness at Plaintiffs' expense; and,

e. That pursuant to Fed. R. Civ. P. 37(a)(5) [effective December 1, 2006], Plaintiffs are awarded reasonable attorney fees and costs for having to file the subject motion (docket no. 105). The parties shall meet forthwith to see if the amount of attorney fees and costs can be stipulated. If the parties are able to stipulate to the amount of attorney fees and costs, then the parties shall file such stipulation with the court. If the parties are unable to stipulate to the amount of attorney fees and costs, then the Plaintiffs shall have up to and including March 28, 2008, to file their itemized affidavit for attorney fees and costs. Defendant Wal-Mart then shall have up to and including April 11, 2008, to file its response to Plaintiffs' itemized affidavit for attorney

       fees and costs.  If a response is filed, then Plaintiffs shall

       have up to and including April 21, 2008, to file any reply to

       Defendant Wal-Mart's response;

3.      That the remainder of the relief of the relief sought in the subject

       motion (docket no. 105) and in the Plaintiff's Supplement (docket

       no. 113) is **DENIED.**

Done this 13th day of March 2008.

                 BY THE COURT

                 s/ Michael J. Watanabe
                 MICHAEL J. WATANABE
                 U.S. MAGISTRATE JUDGE