IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 06-cv-01958-WYD-MJW


JOEL LEDBETTER, et al.,

Plaintiffs,

v.

WAL-MART STORES, INC., et al.,

Defendants.

---

**ORDER REGARDING
PLAINTIFFS' MOTION TO COMPEL DEFENDANT EATON ELECTRICAL, INC. TO
PRODUCE CERTAIN DOCUMENTS AS WELL AS A PRIVILEGE LOG
(DOCKET NO. 97)**

---

**Entered by Magistrate Judge Michael J. Watanabe**


This matter is before the court on Plaintiffs' Motion to Compel Defendant Eaton

Electrical, Inc., to Produce Certain Documents as Well as a Privilege Log (docket no.

97). The court has reviewed the subject motion (docket no. 97), the Plaintiffs'

Supplement to Plaintiffs' Motion to Compel Defendant Eaton Electrical, Inc. to Produce

Certain Documents as Well as a Privilege Log (docket no. 104), the response thereto

(docket no. 115), and the reply (docket no. 125). In addition, the court has taken

judicial notice of the court's file and has considered applicable Federal Rules of Civil

Procedure and case law. Furthermore, the court has reviewed, *in camera*, the

investigative report prepared by Mr. Hancock to in-house counsel and the July 25, 2006, e-mail from Defendant Eaton Electrical, Inc.'s in-house counsel Lisa Sutton to Aaron Rathburn and other Eaton employees and counsel working on the OSHA investigation.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.   That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2.   That venue is proper in the state and District of Colorado;

3.   That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 97);

4.   That Defendant Eaton Electrical, Inc., has now provided to Plaintiffs a privilege log and, therefore, that portion of the subject motion (docket no. 97) is MOOT;

5.   That the two documents that remain in dispute in the subject motion (docket no. 97) are the investigative report prepared by Mr. Hancock to in-house counsel and the July 25, 2006, e-mail from Defendant Eaton Electrical, Inc.'s in-house counsel Lisa Sutton to Aaron Rathburn and other Eaton employees and counsel working on the OSHA investigation.  In addition to the above, two other issues remain outstanding in the subject motion (docket no. 97).

They are Plaintiffs' request for an Order compelling Defendant

Eaton Electrical, Inc., to supplement its response to Plaintiffs'

Request for Production Number 6 and Plaintiffs' request for

attorney fees and costs against Defendant Eaton Electrical, Inc.,

for having to file the subject motion (docket no. 97);

6.  That Plaintiffs' Request for Production ("RFP") Number 6 seeks

witness statements for each individual who was interviewed

concerning the accident;

7.  That Plaintiffs' RFP Number 6 did not ask for documents

concerning Defendant Eaton Electrical, Inc.'s accident

investigation, the OSHA investigation, potential remedial

measures, and communications with other entities about the

accident;

8.  That the Angelo Report has been produced to Plaintiffs by

Defendant Eaton Electrical, Inc., under bates stamp number ETN

00483-00485;

9.  That Defendant Eaton Electrical, Inc., has no "witness statements;"

10. That "[a] document is protected by the attorney client privilege if it

reveals a communication between a client and an attorney, made

in order to obtain or deliver legal assistance, that was intended to

be treated as confidential." Aull v. Cavalcade Pension Plan, 185

F.R.D. 618, 624 (D. Colo. 1998) (citing In re Grand Jury Subpoena,

697 F.2d 277, 278 (10ᵗʰ Cir. 1983)). "A party asserting a privilege

has the burden of establishing that the privilege is applicable. A

party asserting waiver of a privilege has the burden of establishing

the waiver." Id.

11. That documents created by a party or its agents in anticipation of

litigation are not discoverable under Fed. R. Civ. P. 26(b)(3),

unless "they are otherwise discoverable under Rule 26(b)(1); and .

. . the party shows that it has substantial need for the materials to

prepare its case and cannot, without undue hardship, obtain their

substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3).

"In order for documents to qualify as exempt from discovery under

the work product doctrine, the material must be documents or other

tangible things, must be prepared in anticipation of litigation, and

must be prepared by or for a party or [its] counsel." Bartley v.

Isuzu Motors Ltd., 158 F.R.D. 165, 167 (D. Colo. 1994) (citing Fed.

R. Civ. P. 26(b)(3)). The test to determine whether the document is

privileged from disclosure under Rule 26(b)(3) is "whether, in light

of the nature of the document and the factual situation in the

particular case, the document can fairly be said to have been

prepared or obtained because of the *prospect* of litigation." Martin

v. Monfort, Inc., 150 F.R.D. 172, 173 (D. Colo. 1993) (citations

omitted; emphasis as in original). In this case, Defendant Eaton

Electrical, Inc., bears the burden of making the showing.  Id. at

172.  However, once such a showing is made, "the burden shifts

back to the requesting party to show: (a) a substantial need for the

materials in the preparation of the party's case; and (b) the inability

without undue hardship of obtaining the substantial equivalent of

the materials by other means."  Id. at 172-73 (citing Fed. R. Civ. P.

26(b)(3));

12.    That the investigative report prepared by Mr. Handcock to in-house

counsel and the July 25, 2006, e-mail from Defendant Eaton

Electrical, Inc.'s in-house counsel Lisa Sutton to Aaron Rathburn

and other Eaton employees and counsel working on the OSHA

investigation are both protected under the attorney-client privilege.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **ORDERS**:

1.    That Plaintiffs' Motion to Compel Defendant Eaton Electrical, Inc.,

to Produce Certain Documents as Well as a Privilege Log (docket

no. 97) is **DENIED**;

2.    That the investigative report prepared by Mr. Hancock to in-house

counsel and the July 25, 2006 e-mail, from Defendant Eaton

Electrical, Inc.'s in-house counsel Lisa Sutton to Aaron Rathburn

and other Eaton employees and counsel working on the OSHA

investigation submitted to the court for *in camera* review are both

sealed and shall not be opened except by further Order of Court;

and,

3. That each party shall pay their own attorney fees and costs for this

motion.

Done this 18th day of March 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE