IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 06-cv-01958-WYD-MJW

JOEL LEDBETTER, HEATH POWELL and DISA POWELL,
as spouse to Heath Powell,

Plaintiffs,

v.

WAL-MART STORES, INC.,
GENERAL ELECTRIC COMPANY,
EATON ELECTRICAL, INC.,
OVE ARUP and PARTNERS CALIFORNIA LTD, and
JOHN DOES 3-5 and 18-15, whose true names are unknown,
Defendants.

---

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c) REGARDING SUBPOENAS ISSUED TO FACEBOOK, MY SPACE, INC. AND MEETUP.COM**

---

**COME NOW** Plaintiffs, Joel Ledbetter, Heath Powell and Disa Powell, by and through their attorney, David P. Hersh of the law firm of Burg Simpson Eldredge Hersh & Jardine, P.C., pursuant to Fed. R. Civ. P. 26(c), and hereby respectfully submit this Motion for Protective Order Regarding Subpoenas Issued to Facebook, My Space, Inc. and Meetup.com. As grounds therefor, Plaintiffs state as follows:

**<u>Certificate of Compliance with Fed. R. Civ. P. 26(c)(1) and D.C. Colo. L. Civ. R. 7.1</u>**

As is set forth in their Motion, Plaintiffs' counsel has discussed the issues raised in the Motion with counsel for Wal-Mart and the other Defendants in this case in an effort to resolve this short of filing this Motion. These discussions have taken place in person and via

electronic mail over the course of several days. In an effort to resolve this matter, Counsel agreed to a telephone conference with the Court to discuss this issue further, but Plaintiffs' counsel has been informed that the Court is not available for a telephone conference prior to the date by which the subpoenas require compliance. Counsel for the Defendants objects to the relief sought herein.

**SUMMARY OF PLAINTIFFS' POSITION**

Defendant Wal-Mart Stores, Inc. has served the web sites of Facebook, My Space, and Meetup with subpoenas that are so overly broad that they amount to nothing more than a fishing expedition. On their face, they seek the production of private messages, private blog entries and "any additional information" of apparently an unlimited type and amount. While the Plaintiffs have no objection to the Defendant(s) obtaining publically-available information that may be on these sites, the Plaintiffs are concerned that the subpoenas seek private information and that the subpoenas seek information that is not reasonably calculated to lead to the discovery of admissible evidence in this case. The users of such web sites still have an expectation of privacy in at least some of the information controlled by these sites because access to this information can be controlled or restricted by the user. The Plaintiffs do not dispute that some of the information on the web sites is public information, and that the Defendants have access to this information just as anyone else would. The Defendants' assumption, however, that all information controlled by these web sites is public information that should be produced without further analysis is simply wrong. Both Joel Ledbetter and Disa Powell have Facebook accounts where access to information has been restricted, and it is possible that these web sites contain

privileged information. Rather than allowing the Defendants to engage in their fishing expedition, the Plaintiffs seek an Order from this Court requiring the web sites to produce the information responsive to the subpoenas directly to the Court so that it can be reviewed *in camera.* The Plaintiffs ask this Court to act as a gatekeeper to insure that Plaintiffs' privacy interests are protected while the Defendants receive access to all properly discoverable information. In this way, the Plaintiffs' privacy can be protected and any information reasonably calculated to lead to the discovery of admissible evidence can be produced.

**STATEMENT OF APPLICABLE LAW**

______Fed. R. Civ. P. 26(c) provides that a party may move for a protective order seeking an Order from the Court to protect the party from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1). Rule 26(c) provides that the Court may, for good cause shown, issue an order that forbids the disclosure or discovery, specifies the terms for the disclosure or discovery, or forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. *See* Fed. R. Civ. P. 26(c)(1)(A), (B), and (D).

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F. 2d 130, 130 (10th Cir. 1990). In determining whether there is good cause for issuing the protective order, the Court should balance the party's need for the information against the injury which might result from unrestricted disclosure. *Exum v. United States Olympic Committee*, 209 F.R.D. 201, 206 (D. Colo. 2002). The party seeking a protective order is required to show that the disclosure will result in a clearly defined and serious injury to that moving party. *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003).

Additionally, the Court should consider any privacy interests and whether the case implicates issue important to the public. *Exum*, 209 F.R.D. at 206; *see also Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).

The good cause standard is intended to be highly flexible, and was designed to accommodate any relevant interests as they arise. *Rohrbough*, 549 F.3d at 1321. Although it may not be explicitly set forth in the language of the Rule, Rule 26 implicitly protects an individual's privacy interest. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21, 104 S. Ct. 2199, 81 L.Ed.2d 17 (1984). The discovery sought should be relevant, and a district court should not hesitate to exercise appropriate control and restrict discovery when justice requires protection of a party or person. *See, e.g., Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 60 L.Ed.2d 115 (1979).

With regard to the issues presented by the subpoenas at issue here, there is little if any case law dealing with subpoenas issued to a web site such a Facebook, My Space or Meetup. The Plaintiffs submit that cases dealing with the extent to which discovery is reasonably calculated to lead to the discovery of admissible evidence are equally applicable here, and that the Plaintiffs have the same privacy interests in information for which access is restricted on the Internet as any other type of information. Two cases submitted for the Court's consideration are *Mackelprang v. Fidelity National Title Agency*, 2007 U.S. Dist. LEXIS 2379 (D. Nev. 2007), attached as Exhibit 1, and *Rozell v. Courtney Ross-Holst*, 2006 U.S. Dist. LEXIS 2277 (S.D.N.Y. 2006), attached as Exhibit 2.

**THE SUBPOENAS ISSUED BY DEFENDANT WAL-MART STORES, INC.**

Wal-Mart issued five subpoenas to various Internet sites seeking "any and all" information on the three Plaintiffs in this case that the sites may have. A summary of the subpoenas is set forth below:

1) Subpoena issued to Facebook regarding user Disa Powell (Exhibit 3)

This subpoena seeks the production of the following: "Any and all internet usage activity, whether current or deleted, in connection to Facebook ID #668298474, User Name: Disa Powell; including but not limited to: neoprint for user account, photoprint for user account, private messages for user account, private blog entries of user account, and ip log of user account."

2) Subpoena issued to Facebook regarding user Joel Ledbetter (Exhibit 4)

This subpoena seeks the production of the following: "Any and all internet usage activity, whether current or deleted, in connection to Facebook ID #176401635, User Name: Joel Ledbetter; including but not limited to: neoprint for user account, photoprint for user account, private messages for user account, private blog entries of user account, and ip log of user account."

3) Subpoena issued to My Space, Inc. regarding user Disa Powell (Exhibit 5)

This subpoena seeks the production of the following: "Any and all internet usage activity, whether current or deleted, in connection to friendID #381580646, User Name: Disa Powell; including but not limited to: IP logs, date profile was created; email address of user; friend requests; private messages; private blog entries; photographs; bulletins; and any additional

information."

4) Subpoena issued to My Space, Inc. regarding user Joel Ledbetter (Exhibit 6)

This subpoena seeks the production of the following: "Any and all internet usage activity, whether current or deleted, in connection to friendID #99637870, User Name: Joel Ledbetter; including but not limited to: IP logs, date profile was created; email address of user; friend requests; private messages; private blog entries; photographs; bulletins; and any additional information."

5) Subpoena issued to Meetup.com regarding user Heath Powell (Exhibit 7)

This subpoena seeks the production of the following: "Any and all internet usage activity, whether current or deleted, in connection to member ID #6206331, User Name: Heath Powell; including but not limited to: IP logs, date profile was created; email address of user; friend requests; private messages; private blog entries; photographs; bulletins; and any additional information."

## OVERVIEW OF EACH WEB SITE SUBJECT TO THE SUBPOENAS AT ISSUE IN THIS CASE[1]

### A. Facebook

Facebook is a web site that is most commonly used to connect with friends and family. In order to access any information on Facebook, one must sign up as a Facebook user. As such, the information found on the accounts in question is not immediately accessible to anyone using the

[1] The overview provided with this Motion is Plaintiffs' counsel's general understanding of these web sites and the options and features available. The information specific to the Plaintiffs' accounts is based on what any user is able to see of the accounts when visiting the web sites.

internet. Even then, a Facebook account is limited by the settings created by the user.

Facebook users create a profile containing various information about them, which may either be viewed by anyone using Facebook or its access may be restricted. Users often post photographs of their family and friends and provide other information that is intended to be shared only with those people who they agree to provide access to their web site - their "friends". Facebook pages have a "wall", where any friend of the user can see various information, but it also has an inbox where private messages can be sent that can only be viewed by the user themselves. It is Plaintiffs' understanding that Facebook can be used for instant messaging and even for placing telephone calls over the Internet. One of the key features of Facebook is that a user's "friends" are all connected through the user's page, and these "friends" are in turn connected with their "friends" on Facebook. Many different people may be posting information on a certain user's Facebook, which may or may not be accessible to the public depending on the particular accessibility settings created by the user for their account.

**B. My Space**[2]

My Space is a web site that functions similarly to Facebook. Although many My Space pages contain more information that may be accessible to the public, My Space users may also restrict access to their pages or certain aspects of their pages. My Space also has a "message box" feature that allows private messages to be sent that can only be viewed by the user. It is

---

[2] A few hours before this Motion was filed with the Court, Plaintiffs' counsel was informed by defense counsel that My Space provided a limited response to the subpoena. Plaintiffs' counsel believes that the subpoenas issued to My Space should still be addressed in this Motion, given the response from My Space. *See* Exhibit 8.

Plaintiffs' counsel's understanding that My Space also has instant messaging features and the option to place telephone calls through the web site.

### C. Meetup.com

Meetup.com is a website that is designed to facilitate local interest groups that then meet in person to pursue their particular interests. Users can sign up to participate in a meetup group, or look for a local group that might be interested in pursuing a common interest. The web site allows local interest groups to connect and then pursue their interests in person and face-to-face. For example, if someone wanted to start a book club in a local area one would use meetup.com to find other people interested in joining a book club. A user would then continue to use their site to get the word out on the next meeting, get new members into the group, collect membership fees, find new venues for the group to meet in the area, etc. Mr. Powell signed up on meetup looking for a group to play volleyball with near Duncan, Oklahoma, where he lives. He posted a single photograph to the website.

## ARGUMENT

### I. THE SUBPOENAS ARE OVERLY BROAD AND AMOUNT TO A FISHING EXPEDITION.

The subpoenas served on Facebook, My Space, and meetup.com are overly broad and seek the production of a multitude of private and restricted information that has nothing to do with this case. As set forth above, the subpoenas seek anything and everything related to Joel Ledbetter and Disa Powell's Facebook and My Space accounts as well as Heath Powell's meetup account. They are not limited in any respect to information that is accessible by the public.

Instead, they explicitly seek private information, including "private messages" and "private blog entries". The subpoenas are so broad that they seek the production of information to which the Plaintiffs have restricted access. Furthermore, the subpoenas are not reasonably calculated to the discovery of admissible evidence, since they are not limited in any respect to any of the issues to be resolved in this litigation. In short, the defense is fishing for anything controlled by these web sites, regardless of whether it has any relevance whatsoever to this case.

In preparing these subpoenas it appears that the Defendants are laboring under the false perception that anything on the Internet is, by definition, available to the public. Apparently they have made the incorrect assumption that if someone has a Facebook or My Space account, anything that may be related to the account is readily accessible to any Internet user. This is simply wrong. Both Facebook and My Space have a number of different options that allow users to restrict access to the information available on their account. Facebook in particular controls the information accessible on a user's account. Both Joel Ledbetter and Disa Powell have substantially restricted access to their Facebook accounts to only those people ("friends") that they have allowed access to the information. Facebook also allows its users to send private messages and email through its website – messages that cannot be seen by anyone other than the sender and the recipient. It is similarly incorrect to lump each of these web sites into the same general category – each one has a somewhat different purpose and each one has different options available by which its users can restrict access to information.

In fact, none of the attorneys in this litigation knows what may be produced by these web sites in response to these subpoenas because counsel cannot access all of the information tied to

the accounts – access by the general public is restricted.

## II. PLAINTIFFS DO NOT DISPUTE THAT THE DEFENSE IS ENTITLED TO PUBLIC INFORMATION, BUT NO SUBPOENA IS NEEDED FOR THIS INFORMATION.

As a preliminary matter, the Plaintiffs do not dispute that the Defendants are entitled to information that is readily available to the public on the various web sites. The parties are in agreement that such information is discoverable. However, such information is already available to the defense in this case, and they do not require a subpoena in order to obtain it. This information can be obtained from the Internet without the need to serve any subpoena on the web sites in question.

The problems with the subpoenas at issue here is that they are much broader in scope. They seek not only public information, but information that is private and unaccessible by the general public. For this reason, any such discovery must be obtained in an orderly fashion.

## III. THERE MUST BE FURTHER ANALYSIS BY THE COURT TO DETERMINE WHETHER THE INFORMATION PRODUCED BY EACH WEB SITE IS PRIVATE AND, IF SO, WHETHER IT IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.

A multi-step analysis should be used to determine whether the information produced by each web site is ultimately discoverable in this case. The Plaintiffs request that the information that is the subject of each subpoena be produced to the Court for an *in camera* review in order to determine what information, if any, should be produced.

### A. If the Information Is Privileged, It Should Not Be Produced.

There is a possibility that the subpoenas issued to Facebook and My Space cover

privileged information that should not be produced under any circumstances. It is Plaintiffs' counsel's understanding that both Facebook and My Space allow users to send private messages that can only be read by the sender and recipient. If, for example, Disa Powell received a private note from her husband Heath through Facebook or My Space, such a message is privileged under the marital privilege and is not subject to discovery. If messages were sent by Disa Powell to or from her doctor or to or from her attorney such messages would likewise be privileged. Contrary to the Defendants' assumption, both web sites allow private messages to be sent to the user's inbox which is *never* seen by anyone other than the user. As such, it is possible that privileged information may be produced by either Facebook or My Space.

**B. If the Information Is Posted in a Controlled or Restricted Area of the Web Site, the Defendants Are Only Entitled to Information That Is Reasonably Calculated to Lead to the Discovery of Admissible Evidence.**

There is a possibility that the subpoenas issued to Facebook and My Space cover private information that should only be produced if it is reasonably calculated to lead to the discovery of admissible evidence. Both Facebook and My Space have a number of ways in which the users of these web sites can restrict who accesses the information on their accounts. Therefore, this should be taken into consideration in determining what information should be produced.

In this case, both Joel Ledbetter and Disa Powell have specifically restricted both who can access their accounts on Facebook and the amount of information someone who does not have permission to access their page can see. The *only* public information available on Disa Powell's Facebook is a photo of herself and links to her "friends" on the site, nothing more. Joel Ledbetter's Facebook does not even include a photograph. Only specific people who they have

chosen to allow access to their Facebook pages - their "friends" - are allowed to see anything more. Therefore, any information produced from this restricted portion of the web site should only be produced if it is reasonably calculated to lead to the discovery of admissible evidence. Any other type of private information should not be produced, such as information about religious views, political views, business dealings, relationships with friends and family, for example.

## IV. THE BEST WAY TO ENSURE THAT THE PLAINTIFFS' PRIVACY INTERESTS ARE PROTECTED AND DISCOVERABLE INFORMATION IS PRODUCED IS TO HAVE THIS COURT CONDUCT AN *IN CAMERA* REVIEW OF THE INFORMATION PRODUCED BY EACH WEB SITE.

The best way to ensure that the Plaintiffs' privacy is protected and the Defendants receive any discoverable information, if any, contained on the various web sites is for this Court to Order that Facebook, My Space and Meetup provide the information directly to the Court. The Court can then conduct an *in camera* review of the information to determine whether there is any privileged information that should not be produced, or whether there is private information that should nevertheless be produced because it is reasonably calculated to lead to the discovery of admissible evidence. The undersigned counsel has proposed this alternative to Defense counsel, but the Defendants are not willing to agree to this solution.

**WHEREFORE**, Plaintiffs request that this Court issue an Order requiring each of the web sites subject to the attached subpoenas to produce all such information responsive to the subpoena directly to the Court for an *in camera* review, and only to the Court for review and not to any other party to this litigation until further Order of the Court.

Respectfully submitted this 27th day of March, 2009.

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**

By: s/ *David P. Hersh*
David P. Hersh
Sarah Van Arsdale Berry
Burg Simpson Eldredge Hersh & Jardine, P.C.
40 Inverness Drive East
Englewood, Colorado, 80112
Telephone: (303) 792-5595
Facsimile: (303) 708-0527
E-Mail: dhersh@burgsimpson.com
sberry@burgsimpson.com
*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2009, I electronically filed the foregoing **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c) REGARDING SUBPOENAS ISSUED TO FACEBOOK, MY SPACE, INC. AND MEETUP.COM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Jon F. Sands, Esq.<br>Brad Ramming, Esq.<br>Fisher Sweetbaum Levin & Sands PC<br>1125 17th St., Suite 2100<br>Denver, CO 80202<br>jsands@fslpc.com<br>bramming@fslpc.com<br>celkus@fslpc.com<br><br>*Attorneys for Defendant Wal-Mart Stores, Inc.* | Dennis W. Brown, Esq.<br>Holland & Hart LLP<br>555 - 17th St., Suite 3200<br>Denver, CO 80202<br>dbrown@hollandhart.com<br>kwhite@hollandhart.com<br><br>John B. Savoca, Esq.<br>Smith & Duggan LLP<br>Lincoln North<br>55 Old Bedford Road<br>Lincoln, MA 02773<br>jsavoca@smithduggan.com<br><br>*Attorneys for Defendant General Electric Company* |
| Kenneth R. Fish, Esq.<br>Law Office of Kenneth R. Fish, LLC<br>501 S. Cherry Street, Suite 610<br>Denver, CO 80246<br>krfish@qwest.net<br><br>John M. Alten<br>Ulmer & Berne LLP<br>Skylight Office Tower<br>1660 West 2nd Street - Suite 1100<br>Cleveland, Ohio 44113<br>jalten@ulmer.com<br><br>*Attorneys for Defendant Eaton Electrical, Inc.* | |

By: s/ *David P. Hersh*
David P. Hersh
Sarah Van Arsdale Berry
Burg Simpson Eldredge Hersh & Jardine, P.C.
40 Inverness Drive East
Englewood, Colorado, 80112
Telephone: (303) 792-5595
Facsimile: (303) 708-0527
E-Mail: dhersh@burgsimpson.com
sberry@burgsimpson.com
*Attorneys for the Plaintiffs*