IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01958-WYD-MJW

JOEL LEDBETTER;
HEATH POWELL; and
DISA POWELL, as spouse to Heath Powell,

    Plaintiffs,

v.

WAL-MART STORES, INC.,
GENERAL ELECTRIC COMPANY,
EATON CORPORATION,
EATON CORPORATION d/b/a Cutler-Hammer,
EATON CORPORATION d/b/a Eaton Electrical Services & Systems,
EATON CORPORATION d/b/a Eaton Electrical, Inc.,
EATON ELECTRICAL, INC.,
ARUP a/k/a ARUP AMERICAS, INC., and
JOHN DOES 3-5 and 8-15, whose true names are unknown,

    Defendants.
_____

**ORDER**
_____

THIS MATTER is before the Court on Defendant Eaton Electrical Inc.'s ("Defendant") Motion for Reconsideration (docket #160), filed September 25, 2008.  A response to this motion was filed on October 17, 2008.  No reply was filed.  For the reasons stated below, Defendant's motion is denied.

In the motion, Defendant requests that I reconsider my May 9, 2008 order denying its motion for summary judgment.  That ruling was issued over five months before the pending motion to reconsider was filed.  As such, I will consider the motion as a request to reconsider an interlocutory order since motions filed under Fed. R. Civ.

P. 59(e) must be filed within ten days. Essentially, Defendant is seeking a reconsideration of my order denying summary judgment.

"'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order.

"'[A]ny order . . . however designates, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is an interlocutory order which "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (quoting Fed. R. Civ. P. 54(b); *see also Haas v. Tulsa Police Dept.*, 58 Fed.Appx. 429, 2003 WL 255396, at *2 (10th Cir. 2003) (holding that an order that grants summary judgment in part and denies it in part is an interlocutory order, not a final judgment) (citing *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). These motions are not governed by Rule 59 or 60(b). *Raytheon*, 2003 WL 9846523, at *2; *Haas*, 2003 WL 255396, at *2. Instead, a motion filed as to such an interlocutory order, regardless of how it is styled, is in reality, "'nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment. . . .'" *Haas, id., Sack v. St. Francis Hospital*, 1994 WL 19037, at *2 (10th Cir.

1994) (quoting *Wagner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (same).

"Prior to entry of final judgment, district courts have the inherent power to alter or amend interlocutory orders." *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000); *Nelson v. Kansas*, No.99-4184-DES, 2001 WL 1597959 at *3 (D. Kan. 2001). "It is well within the court's discretion to revise interlocutory orders prior to the entry of final judgment." *Id.* "'This inherent power is not governed by rule or statute and is rooted in the court's equitable power to process litigation to a just and equitable conclusion.'" *Nat. Business Brokers*, 115 F. Supp. 2d at 1256 (quotation and internal quotation marks omitted). "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Id.* (quotation and internal quotation marks omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Id.* (quotation omitted). "'A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence.'" *Id.* (quotation and internal quotation marks omitted).

In the present motion, Defendant asserts its dissatisfaction with my ruling denying its motion for summary judgment. I denied Defendant's motion for summary judgment because I found genuine issues of material fact existed which precluded summary judgment. I deny Defendant's motion for reconsideration. The motion merely makes many of the same arguments previously raised by the Defendant. Defendant does not cite to any change in the law or point to new evidence previously unavailable.

Further, I find that Defendant has not shown a need to correct clear error or prevent manifest injustice. Defendant's disappointment in my ruling does not provide a basis for reconsideration. The motion appears to be an attempt by Defendant to get a "second bite at the apple" in arguing why the Court should grant summary judgment. Contrary to arguments made in Defendant's motion, I find genuine issues of material fact exist that make summary judgment inappropriate. I find no basis to reconsider my ruling. Accordingly, it is

ORDERED that Defendant Eaton Electrical Inc.'s Motion for Reconsideration (docket #160), filed September 25, 2008, is **DENIED.**

Dated: April 14, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge