IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01958-WYD-MJW

JOEL LEDBETTER, HEATH POWELL, and DISA POWELL, as spouse to Heath Powell,

Plaintiffs,

v.

WAL-MART STORES, INC., GENERAL ELECTRIC COMPANY, EATON CORPORATION, EATON CORPORATION, d/b/a Cutler-Hammer, EATON CORPORATION, d/b/a Eaton Electrical Services & Systems, EATON CORPORATION, d/b/a Eaton Electrical, Inc., EATON ELECTRICAL, INC., and JOHN DOES 3-5 and 8-15, whose true names are unknown

Defendants.

---

**WAL-MART'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF CONTENT OF SOCIAL NETWORKING SITES**

---

Defendant, Wal-Mart Stores, Inc., by and through its legal counsel of the law firm, Fisher, Sweetbaum, Levin & Sands P.C., respectfully submits its Reply In Support of Motion to Compel Production of Content of Social Networking Sites, and in support thereof, states:

**ARGUMENT**

The content stored on the Social Networking websites ("websites") on behalf of the Plaintiffs is within the Plaintiffs control and will be produced by the websites upon Plaintiffs' demand or consent. In an attempt to establish that they are not in direct control over the content, the Plaintiffs have made numerous inaccurate assertions to the Court. Absent the inaccurate assertions, it becomes clear that the Plaintiffs are in control of the content and are simply choosing not to cooperate with the Court or Wal-Mart to obtain the documents the Court has already ruled Wal-Mart is entitled to.

The execution of a waiver and release is required only so long as the Plaintiffs continue to resist the disclosure of the information sought. Nothing in the Stored Communications Act ("S.C.A.") prohibits the disclosure of the stored information to the owner of the account. The social networking sites have indicated that they will provide all the information sought by the subpoenas upon receipt of the consent of the Plaintiffs or at their request. Wal-Mart is willing to obtain the information from the Plaintiffs, however they have continued to resist such disclosure.

**I. PLAINTIFFS ARE IN CONTROL OF THE CONTENT STORED ON THEIR BEHALF.**

The Plaintiffs inaccurately state that they are not in control of the content stored on their behalf by the websites. Plaintiffs support this argument by stating that they cannot obtain the information on demand. This argument completely ignores the fact that the Plaintiffs continue to have access to the content of the websites and can obtain a copy of the content at any time.

A party with the legal right to obtain documents on demand from a non-party is deemed to have control of the documents within the meaning of Rule 34. *See Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D.Colo. 1992). The owner of a Social Networking account has a legal right to obtain the content of the information that is stored on the account.

Plaintiffs inaccurately state that they are unable to obtain any of the information sought by the subpoenas. To support this argument they make the assumption that a request must be made to the website administrators to obtain the information and, in the event that the administrators are unwilling to comply, they are unable to legally demand the content. The assertion by the Plaintiffs is incorrect given that the websites have already indicated that upon receipt of an executed consent from the Plaintiffs they will release the sought after information. *See* Correspondence from MySpace (attached to *Motion* as "**Exhibit F**"). This assumption is

further inaccurate because the Plaintiffs can obtain the information simply by logging into their account.

Of the information that is demanded by the subpoenas, a great majority of it is made available to the Plaintiffs by logging into the website. The user accounts for the Plaintiffs remain active and the plaintiffs retain the ability to login to the accounts to this day. Retrieving a majority of the information sought is as easy as logging into the site and accessing the information through the normal user interface. For example, the Plaintiffs can comply with a request for production of the pictures contained on the website by simply logging into the site and printing the pictures that are stored therein. At no time have the Plaintiffs lost the ability to access the accounts or to manipulate the content.

It is also important to remember that the Plaintiffs have uploaded the pictures that are stored on the websites. Presumably the original picture file remains stored on the Plaintiffs own hard drive and can be produced without the need of accessing the copy that is electronically stored on the websites. Moreover, the content of the private massage section of the websites can be retrieved by logging in and forwarding the messages to an outside email source (i.e. directly to legal counsel). All of these facts clearly indicate that the Plaintiffs' are in control of the content of the websites.

Plaintiffs choose to ignore the fact that they are in direct control of the content by stating that they are not able to obtain certain data that is not generally viewable by the account owner. While it is true that a user cannot access some of the information sought without the assistance of the website administrators (i.e. deleted messages or iplogs), the websites have indicated that they will comply with a request from user to produce the information. Therefore, the fact that some of

the content produced requires the assistance of the website administrator to be obtained cannot be used to infer that the Plaintiffs are not in control of the websites. Because the Plaintiffs retain the ability to obtain the information directly from the websites, they are directly in control of the content.

## II. THE CONTENT OF THE SOCIAL NETWORKING SITES WILL BE PRODUCED ON DEMAND TO THE PLAINTIFFS WITHOUT THE EXECUTION OF A LIABILITY RELEASE.

The websites take the position that they are prohibited from disclosing the content of a stored electronic communication to any person who is not the owner or the intended recipient based upon the Stored Communication Act ("S.C.A"). *See* Correspondence from Myspace (attached to *Motion* as "**Exhibit F**"); *see also* 18 U.S.C. § 2702. The websites do not argue that the prohibition prevents the provider from producing the information to the owner of the account.

Plaintiffs state that they will be required sign a release to in order to have the information disclosed directly to them. Plaintiffs offer no basis for the assumption that the websites will require a release for disclosure directly to the Plaintiffs. Essentially, what Plaintiffs are arguing is that the websites will be liable to the owner of the account if they disclose the information to the owner of the account. However, nothing in the communications from the websites indicates that they will require consent to release the information to the Plaintiffs directly. Rather, the communications from the websites indicate that the only step the Plaintiffs need to take is to request the information be produced. *See* Correspondence From MySpace (attached to *Motion* as "**Exhibit F**")("the clearly available mechanism is to subpoena the owner of the Myspace

accounts in question directly...”); *Letter From Meetup*, (attached to *Motion* as “**Exhibit D**”) at ¶ 11(objecting because the user already has possession of the information sought).

Additionally, Plaintiffs argument is contradicted by the very nature of the service that the websites offer. The websites allow an account owner to upload and maintain information for the purpose of providing access by the owner and the people that the owner authorizes. By its very nature, an owner created and maintained social networking website’s sole function is to disclose stored electronic communications to the owner and its intended recipients. Plaintiffs attempt to characterize the service as anything else is false.

## CONCLUSION

Plaintiffs retain control over the content that is stored on their behalf by the websites because their accounts remain active. Obtaining a majority of the information sought is as simple as logging on to the website and printing it. Moreover, because a majority of the information stored on their behalf was uploaded from the Plaintiffs’ personal computers, the original files likely remain in the Plaintiffs direct possession. The remaining information will be produced by the websites upon the Plaintiffs direction.

Consent and release is only required if the information is to be produced directly to Wal-Mart. Plaintiffs are not required to execute a release if the information sough is produced to them directly. Accordingly, this Court should grant Wal-Mart’s Motion to Compel.

Respectfully submitted,

*s/Brad Ramming*
Jon F. Sands
Brad Ramming
Fisher, Sweetbaum, Levin & Sands, P.C.
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202
Phone: (303) 296-3377
Fax: (303) 296-7343
jsands@fslpc.com
bramming@fslpc.com

ATTORNEYS FOR DEFENDANT
WAL-MART STORES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2009 , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

sgreenlee@burgsimpson.com
sberry@burgsimpson.com
dhersh@burgsimpson.com
dbrown@hollandhart.com
jramirez@hollandhart.com
krfish@qwest.net
jalten@ulmer.com

*s/Brad Ramming*
Jon F. Sands
Brad Ramming
Attorneys for Defendant
Fisher, Sweetbaum, Levin & Sands, P.C.
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202
Phone: (303) 296-3377
Fax: (303) 296-7343
jsands@fslpc.com
bramming@fslpc.com