IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01958-WYD-MJW

JOEL LEDBETTER;
HEATH POWELL; and
DISA POWELL, as spouse to Heath Powell,

      Plaintiffs,

v.

WAL-MART STORES, INC.,
GENERAL ELECTRIC COMPANY,
EATON CORPORATION,
EATON CORPORATION d/b/a Cutler-Hammer,
EATON CORPORATION d/b/a Eaton Electrical Services & Systems,
EATON CORPORATION d/b/a Eaton Electrical, Inc.,
EATON ELECTRICAL, INC.,
ARUP a/k/a ARUP AMERICAS, INC., and
JOHN DOES 3-5 and 8-15, whose true names are unknown,

      Defendants.

---

## ORDER

---

I.    <u>INTRODUCTION</u>

      THIS MATTER is before the Court on Defendant Wal-Mart's Motion for

Summary Judgment Pursuant to F.R.C.P. 56 (docket #182), filed April 29, 2009.  The

Defendant's motion seeks summary judgment on Plaintiffs' claim for damages pursuant

to the Colorado Premises Liability Act, Colo. Rev. Stat. § 13-21-115.  Specifically, the

Defendant argues that it is entitled to judgment as a matter of law because Wal-mart

qualifies as a statutory employer under Colo. Rev. Stat. § 8-41-401.   The Plaintiffs filed

a response and Defendant Wal-Mart filed a reply in support of its motion.

After carefully considering the pleadings submitted by the parties, I find that Defendant's motion for summary judgment is denied.  I note that on May 9, 2009, I issued an order denying Defendant Eaton's motion for summary judgment, which asserted similar arguments to Defendant Wal-Mart's pending motion.  (Docket #151.)  In my previous order, I set forth a detailed recitation and analysis of the pertinent facts of this case.  Accordingly, those facts and analysis are incorporated by reference in this Order.

II.     ANALYSIS

    A.     Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'"  *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  All doubts must be resolved in favor of the existence of triable issues of fact.  *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

B.     Whether Summary Judgment is Proper in this Case

As I stated in my prior order denying Defendant Eaton's motion for summary

judgment, the parties disagree as to whether Colorado or Oklahoma law should be

applied.  However, I need not decide this issue as I find there are genuine issues of

material fact that preclude summary judgment under either Colorado or Oklahoma law.

The Colorado Supreme Court has held that "[t]he primary purpose of the workers'

compensation act is to provide a remedy for job-related injuries, without regard to fault."

*Finlay v. Storage Tech. Corp.*, 764 P.2d 62, 63 (Colo. 1988) (internal citations omitted).

"The statutory scheme grants an injured employee compensation from the employer

without regard to negligence and, in return, the responsible employer is granted

immunity from common-law negligence liability."  *Id.*  The Colorado Supreme Court

further instructed that "[t]o be afforded this immunity, an employer must be a 'statutory

employer' as contemplated by the workers' compensation act."  *Id.*  The *Finlay* Court

held that

> the test for whether an alleged employer is a 'statutory
> employer' under section 8-48-101 of the workers'
> compensation act is whether the work contracted out is part
> of the employer's 'regular business' as defined by its total
> business operation.  In applying this test, courts should
> consider the elements of routineness, regularity, and the
> importance of the contracted service to the regular business
> of the employer.

*Id.* at 67.  The Colorado Supreme Court further noted that

> [i]n applying the regular business test, Colorado courts have
> occasionally explored the degree of control the alleged
> statutory employer retains over the employee.  Employer
> control may be probative of the importance of the contracted
> services to the alleged employer.  However, the statutory

> employment relationship is not predicated on a finding of
> employer control; rather, a showing that the alleged statutory
> employer maintains control over the employee represents
> only one method of demonstrating the factor of importance.

*Id.* at 67 n.4 (internal citations omitted).

"Under Oklahoma law, the principal for whom a contractor is performing work is immune from tort liability for injuries suffered by the contractor's employees in the course of that work, if the work performed by the contractor was 'necessary and integral' to the principal's operations."  *Izard v. United States*, 946 F.2d 1492, 1494(10th Cir. 1991) (internal citations omitted).  "Accordingly, the principal is the statutory employer of the injured employees and is liable to the injured employees only under the Oklahoma Workers' Compensation Act."  *Id.*  "Tasks performed by a contractor are a 'necessary and integral' part of a principal's operation when they '[1] are directly associated with the day-to-day activity carried on by the [principal's] line of trade, industry or business or [2] would customarily be done in that line of business.'"  *Id.*

The Oklahoma Supreme Court adopted the following three-level analysis in determining whether a principal is a statutory employer of a contractor's employees.

> [A] court must first inquire whether the contract work is
> specialized or nonspecialized. This inquiry takes into
> consideration whether the level of skill, training, and
> experience required to perform the work at issue is not
> ordinarily possessed by workers outside the contract field.  If
> the contract work is specialized per se, it is not, as a matter
> of law, part of the principal's trade, business, or occupation.
>
> If the contract work is not specialized per se, the court must
> then compare the contract work with the principal's trade,
> business, or occupation to determine whether the contract
> work could be considered a part thereof. Finally, the court
> must inquire whether the principal was actually engaged at

> the time of the injury in the trade, business, or occupation of
> the hired contractor.

*Id.* (citing *Bradley v. Clark*, 804 P.2d 425, 427-28 (Okla. 1991).  The Court then moves

on to the second stage of the *Bradley* analysis.  The *Bradley* Court set forth the

following factors regarding this stage.

> Several factors, which have been considered, are: (a) Is the
> contract work routine and customary? That is, is it regular
> and predictable? Nonrecurring or extraordinary construction
> and repairs are usually held outside the scope of the
> statutory doctrine. (b) Does the principal have the equipment
> and/or manpower capable of performing the contract work?
> This sub-species of the speciality inquiry focuses on
> determining whether the contract work, as it relates to the
> hirer, is ordinarily handled through employees. (c) What is
> the industry practice relative to the contract work?
> . . . Basically, the factors developed by the jurisprudence
> strive to answer the overriding question of 'whether [the
> contract work] is, in that business, normally carried on
> through employees rather than independent contractors.'

*Bradley*, 804 P.2d at 428 n.10 (internal citations omitted).  Finally, the third stage of the

*Bradley* analysis is "whether the principal hirer was engaged, at the time of the injury, in

the trade, business or occupation of the hired contractor."  *Id.*

Similar to the conclusion in my prior ruling, after carefully considering the

evidence submitted by both parties and viewing it in the light most favorable to the

Plaintiffs, I find that there are genuine issues of material fact regarding whether

Wal-Mart is a statutory employer under either Colorado or Oklahoma law.  Specifically, I

find that there is a genuine issue of material fact as to whether the electrical work

performed by the Plaintiffs is part of Wal-Mart's regular business.  "The determination of

whether a person or entity is a statutory employer is a question of fact."  *Elliot v. Turner*

*Construction Co.*, 381 F.3d 995, 1001 (10th Cir. 2004).  Accordingly, because I find that there are genuine issues of fact regarding whether Wal-Mart is a statutory employer, summary judgment is not appropriate at this time.

III.   <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Defendant Wal-Mart's Motion for  Summary Judgment Pursuant to F.R.C.P. 56 (docket #182), filed April 29, 2009, is **DENIED**.

Dated:  September 29, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge