IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01958-WYD-MJW

JOEL LEDBETTER;
HEATH POWELL; and
DISA POWELL, as spouse to Heath Powell,

     Plaintiffs,

v.

WAL-MART STORES, INC.,
GENERAL ELECTRIC COMPANY,
EATON CORPORATION,
EATON CORPORATION d/b/a Cutler-Hammer,
EATON CORPORATION d/b/a Eaton Electrical Services & Systems,
EATON CORPORATION d/b/a Eaton Electrical, Inc.,
EATON ELECTRICAL, INC.,
ARUP a/k/a ARUP AMERICAS, INC., and
JOHN DOES 3-5 and 8-15, whose true names are unknown,

     Defendants.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on the Defendants Wal-Mart Stores, Inc. and Eaton Electrical, Inc's Trial Brief Re: Choice of Law for Statutory Employer Analysis (docket #233), filed October 16, 2009.  The Defendants' brief requests an expedited decision on the issue of whether Colorado or Oklahoma law applies to the statutory employer analysis in this matter.  On October 29, 2009, the Plaintiffs filed a response to the trial brief.

II.     FACTUAL BACKGROUND

In this choice of law case, the Plaintiffs Joel Ledbetter and Heath Powell, Oklahoma residents and employees of an Oklahoma subcontractor, were injured while performing electrical work in Colorado at a Wal-Mart store. The Plaintiffs each collected worker's compensation benefits from their Oklahoma employer, RS Services, Inc. RS Services, Inc. ("RS") is not a party to this lawsuit.

Defendant Wal-Mart contracted with Defendant Eaton to perform infrared scanning on the electrical systems at multiple Wal-Mart locations across the country, with the first group of projects set for stores in Colorado, Texas, and Nevada. The Wal-Mart/Eaton contract was primarily negotiated between Wal-Mart employees in Arkansas and Eaton employees in both Arkansas and Texas. Eaton subcontracted with RS to supply two electricians to assist with the infrared scanning to be done at Wal-Mart stores in Colorado in July of 2006. RS assigned Plaintiffs Ledbetter and Powell to travel to Colorado to assist Eaton engineers with the infrared scanning at the Colorado Wal-Mart stores. The Plaintiffs were injured while performing the infrared scanning at a Wal-Mart store in Aurora, Colorado. The Plaintiffs received medical treatment for their injuries in both Colorado and Oklahoma, with the majority of treatment occurring in Colorado immediately following the accident.

The Plaintiffs subsequently filed this case in Colorado state court alleging various state law causes of action including premises liability, product liability and negligence against Defendants Wal-Mart, Eaton, and GE. The Defendants removed the matter to this Court based on diversity jurisdiction. Defendants Wal-Mart and Eaton both assert

that they are statutory employers of Plaintiffs, making them immune from liability. After carefully considering the pleadings submitted by the parties, I find that Colorado law applies to the statutory employer issue for the reasons stated below.

## III.    ANALYSIS

Defendants Wal-Mart and Eaton contend that I must apply Colorado law to this case because Colorado law has the most significant relationship to the occurrence and the parties. Plaintiffs, on the other hand, argue that while Colorado law applies to their substantive claims, Oklahoma law should apply to the statutory employer analysis.

As a federal court exercising its diversity jurisdiction, I must apply the choice of law rules of the forum state. *AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 508 (Colo. 2007). Accordingly, Colorado's choice of law standard is the "most significant relationship to the occurrence and parties test expressed in Restatement (Second) of the Conflict of Laws §§ 145, 171 (1971)." *Id.*

Section 6(2) of the Restatement sets out the following principles to be considered in resolving choice of law issues:

> (a) the needs of the interstate and international systems,
>
> (b) the relevant policies of the forum,
>
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>
> (d) the protection of justified expectations,
>
> (e) the basic policies underlying the particular field of law,
>
> (f) certainty, predictability and uniformity of result, and

>   (g) ease in the determination and application of the law to be
>   applied.

Restatement (second) of Conflict of Laws § 6 (1971).  Section 145 of the Restatement further clarifies how these factors should generally be applied in tort cases, such as the instant matter:

>   (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
>   (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
>   >   (a) the place where the injury occurred,
>   >
>   >   (b) the place where the conduct causing the injury occurred,
>   >
>   >   (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>   >
>   >   (d) the place where the relationship, if any, between the parties is centered.
>
>   These contacts are to be evaluated according to their relative importance with respect to the particular issue.

*Id.* § 145.

In a recent decision, the Tenth Circuit applied the choice of law analysis to a similar set of facts as the instant case and concluded that the law of the state where the accident occurred applied to the statutory employer analysis.  *Anderson v. Commerce Const. Co.*, 531 F.3d 1190 (10th Cir. 2008).  While I acknowledge that the *Anderson*

Court applied Kansas and Nebraska law to the facts of that case, I find the analysis to be persuasive. Similar to this case, in *Anderson*, the plaintiff, a Nebraska resident, was injured performing demolition work in Kansas. Plaintiff collected workers' compensation benefits from his Nebraska employer and later filed a negligence suit in Kansas against the general contractor. *Id.* The Tenth Circuit ultimately applied the *lex loci* doctrine to the choice of law issue as set forth by Kansas law, but the Court also came to the same conclusion using the most significant relationship test. *Id.* at 1194.

Turning to the case at hand, Defendant Wal-Mart, an Arkansas corporation, contracted with Defendant Eaton, an Ohio and Delaware corporation. Eaton hired RS, an Oklahoma corporation, to provide workers for a job located in Colorado. The injury occurred in Colorado, and the allegedly negligent conduct causing the injury also occurred in Colorado. Further, the parties were all aware that they were contracting to perform work in Colorado, thus they have a reasonable expectation that Colorado law would likely apply to any potential claims. The sole Oklahoma contacts are the Plaintiffs' residence and the state in which they collected workers' compensation benefits.[1]

Further, I agree with the Defendants that applying the statutory employer law of the state where the injury occurred would both honor the reasonable needs of the interstate contractual relationship and protect the parties' justified expectations. I find that pursuant to the contract, Defendants Wal-Mart and Eaton expected RS to provide workers' compensation insurance that is in accordance with the laws of each state

---

[1] I note that RS is an Oklahoma corporation, but it is not a party to this case.

where work is to be performed.  Defendants further expected to be shielded from liability upon the *quid pro quo* of the workers' compensation laws of the state where the work was to be performed, which in this case is Colorado.  I also find that the basic policies underlying liability for injuries in the workplace are supported through the application of Colorado law.  Finally, I find that since the parties agree that Colorado law applies to all of the substantive claims in this matter, it would be much easier to apply Colorado law to the statutory employer defense.

On the other hand, Plaintiffs contend that since they are residents of Oklahoma and received workers' compensation benefits in Oklahoma, Oklahoma has the most significant relationship to the occurrence and parties at issue.  Plaintiffs rely on Restatement § 184 and several cases from other jurisdictions in support of their argument.  Plaintiffs also argue that I should decline to follow the Tenth Circuit's reasoning in *Anderson* as it is distinguishable from the case at hand.  I disagree.

First, I note that Plaintiffs primarily rely on subrogation cases from other jurisdictions in support of their argument that I should apply the law of the state (Oklahoma) where the Plaintiffs collected workers' compensation benefits.  However, the issue in this case does not concern RS's potential subrogation rights.  Instead, it is whether the Defendants are statutory employers under the applicable state law, and are thus, immune from suit.  RS is not even a party to the action.  Both Colorado and Oklahoma provide statutory employer immunity; therefore, the issue is which state's definition applies.

Second, I am not persuaded by Plaintiffs' argument that Restatement § 184

requires that Oklahoma law be applied in this matter.  Restatement § 184 provides as follows:

> Recovery for tort or wrongful death will not be permitted in any state if the defendant is declared immune from such liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which:
>
> (a) the plaintiff has obtained an award for the injury, or
> (b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred, or (2) where employment is principally located, or (3) where the employer supervised the employee's activities from a place of business in the state, or (4) whose local law governs the contract of employment under the rules of §§ 187-188 and 196.

"Section 184 thus seeks to preserve the fundamental *quid pro quo* of workers' compensation—providing an expeditious and certain remedy for employees in return for a limitation on the employer's liability . . . ."  *Snyder v. Celsuis Energy Co.*, 866 F. Supp. 1349, 1358 (D. Utah. 1994).  I note that neither party has submitted any Colorado authority concerning a conflict of law in the statutory employer context, nor has the Court found any.  Thus, there is no authority that Colorado would even apply § 184 to this issue.   Even if Colorado were to apply § 184, I find that Colorado, as the state where the work was performed and the injury occurred, has a greater interest in preserving the workers' compensation *quid pro quo*.  Thus, I find Colorado's statutory employer law should be applied.

Third, Plaintiffs argue that I should decline to follow the Tenth Circuit's reasoning in *Anderson* because it is factually distinguishable.  While I acknowledge that there are factual differences between the instant case and *Anderson*, I note that I find the Court's

application of the "most significant relationship" analysis to be both instructive and helpful. Further, the *Anderson* Court cited several cases with similar facts to the instant case where courts held that the location of the injury had the most significant relationship to the occurrence and parties. *Anderson*, 531 F.3d at 1197 (citing *Marion Power Shovel Co. v. Hargis*, 698 So.2d 1246, 1247-48 (Fla. Dist. Ct. App. 1997) (holding that despite choosing to collect workers' compensation benefits in Illinois, Florida, the location of the injury, had the most significant contacts to the case); *Snyder*, 866 F. Supp. at 1357-60 (holding that the fact that plaintiffs elected to file workers' compensation claims in New Mexico, rather than Colorado, the state where the injury occurred, is not determinative)).

Finally, Plaintiffs contend that applying both Colorado and Oklahoma law would not complicate the jury trial. I disagree and find that it would be inappropriate in this case. Plaintiffs chose to file this action in Colorado, and they are asserting various Colorado state law claims. Plaintiffs agree that Colorado law governs the vast majority of legal issues in this case. I find that applying Colorado law to Plaintiffs' substantive claims while applying Oklahoma law to the statutory employer defense would likely cause difficulties, create confusion of the issues, and unnecessarily delay the trial.

In conclusion, it is clear that Colorado's choice of law standard is the "most significant relationship to the occurrence and parties test expressed in Restatement (Second) of the Conflict of Laws §§ 145, 171 (1971)." *Goodyear Tire & Rubber Co.*, 168 P.3d at 508. Given the law and the facts presented in this case, I find that Colorado has the most significant relationship to the occurrence and the parties in this case.

Therefore, Colorado law applies to the statutory employer defense.

IV.     <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Colorado law applies to the statutory employer analysis in this matter.

Dated:  November 13, 2009

                                                  BY THE COURT:

                                                  <u>s/ Wiley Y. Daniel</u>
                                                  Wiley Y. Daniel
                                                  Chief United States District Judge